**Christine WOLF, Plaintiff–Appellant,**

**v.**

**LORING WARD INTERNATIONAL, LTD., f/k/a Assante Newco III Ltd.; et al., Defendants–Appellees.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Christine Wolf, Plaintiff–Appellee,

v.

Loring Ward International, Ltd., f/k/a
Assante Newco III Ltd.;  et al.,
Defendants–Appellants,

and

Martin Weinberg;  et al., Defendants.

Christine Wolf, Plaintiff–Appellee,

v.

Loring Ward International, Ltd., FKA
Assante Newco III Ltd.;  et al.,
Defendants,

and

Robert Philpott, Defendant–Appellant.

Nos. 08–55791, 08–55840, 08–55842.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2010.

Filed March 30, 2010.

Theodore J. Boutrous, Jr., Esquire, Marjorie E. Lewis, Esquire, Nadia Ann Sarkis, Gibson Dunn & Crutcher, LLP, Los Angeles, CA, Dennis John Holahan, Esquire, Law Office of Dennis Holahan, Los Angeles, CA, Christie Cardon, Esquire, King & Spalding, Houston, TX, for Plaintiff–Appellant.

Dale F. Kinsella, Esquire, Kristen Louise Spanier, Esquire, Chad Fitzgerald, Kinsella, Weitzman, Iser, Kump & Aldisert, Santa Monica, CA, Patricia L. Glaser, Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP, Los Angeles, CA, Michael Leon Meeks, Esquire, Robert M. Dato, Becky Hsiao, Buchalter Nemer, Irvine, CA, for Defendant–Appellee.

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Christine Wolf ("Wolf") appeals the district court's denial of her Motion for Relief

---

* This disposition is not appropriate for publica-     tion and is not precedent except as provided

from the Dismissal. We reverse, because the district court did not properly identify the *Pioneer–Briones* standard or conduct the analysis set forth in that standard. *Lemoge v. United States,* 587 F.3d 1188, 1192 (9th Cir.2009).

After the district court dismissed her case for lack of subject matter jurisdiction, Wolf filed her Rule 60(b) Motion for Relief for "excusable neglect." "A district court's denial of relief from a final judgment, order, or proceeding under Federal Rule of Procedure 60(b) is reviewed for abuse of discretion." *Id.* at 1191–92. The Supreme Court has set forth an equitable analysis for determining whether a party is entitled to relief for excusable neglect under Rule 60(b)(1). *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997). A district court abuses its discretion when it fails to identify the standard set out in *Pioneer* and *Briones* and fails to analyze the motion before it under that standard. *Lemoge,* 587 F.3d at 1193. Further, a proper application of the *Pioneer–Briones* standard reveals that Wolf should be permitted to amend her complaint, correcting it to allege her state of citizenship. *Id.* We decline to exercise our discretionary jurisdiction under 28 U.S.C. § 1653 to amend the complaint.

Defendants argue that Wolf failed to raise excusable neglect as grounds for relief before the district court. We disagree. Although we recognize that Wolf primarily relied upon mistake as the proper grounds for relief before the district court, excusable neglect was raised as an alternative basis for relief.

by 9th Cir. R. 36–3.

\* John McHugh is substituted for his predecessor, Francis J. Harvey, as Secretary of the Army, pursuant to Fed. R.App. P. 43(c)(2).

Having reversed the district court's final order, we decline to review the district court's interlocutory order denying Defendants' Motion for Summary Judgment.

We deny all motions for judicial notice as moot.

The district court's denial of Wolf's Motion for Relief is REVERSED and REMANDED with instructions to the district court to grant Plaintiff's Rule 60(b) Motion and permit the Plaintiff to amend her complaint.